No. 19,216.

J. D. NICKERSON, *Appellee*, v. THE UNION TRACTION COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

STREET RAILWAY—*Pedestrian Crossing Track—Unconsciousness —Want of Due Diligence by Motorman.* A contention that a pedestrian who was run into by a street car was at the time unconscious, and that due diligence required the motorman to realize that fact and stop the car, is supported by evidence that he has no memory of what happened after he left a point a block and a half from where he was hurt until he found himself in a hospital, that when struck he was not going in the direction to which his errand would lead him, that he walked for some distance in the street close to the track, with his head bent down, giving no heed to the gong which was sounded loudly and continuously, and that shortly before the accident he crossed the track from one side to the other and back again, and was hit while apparently attempting to cross it for a third time.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed February 6, 1915. Affirmed.

*John J. Jones,* of Chanute, and *W. E. Ziegler,* of Coffeyville, for the appellant.

*J. B. Tomlinson,* and *Charles D. Shukers,* both of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: J. D. Nickerson brought an action on account of injuries received through being struck by a street car. A demurrer to his evidence was sus-

tained, but the court, upon further consideration, set this ruling aside and granted a new trial. The defendant appeals, contending that the first decision was correct and the second erroneous.

It is not suggested that the plaintiff was denied a full opportunity to make a case, or that additional or different testimony would be produced at another trial. The question presented is purely one of law—Did the evidence, when given the most favorable consideration, tend to show a right of recovery?

The plaintiff was walking near to and approximately parallel with the track; as the car approached him the motorman rang the gong vigorously but did not attempt to stop; he stepped upon the track when the car was eight or ten feet away. It is obvious that if he was in full possession of his faculties he was himself guilty of negligence, and that the motorman was justified in supposing that he would hear and heed the gong and keep away from the track until the car had passed. If the plaintiff is entitled to recover it must be upon the theory that he was in such a mental condition that he did not realize his situation, and was incapable of being warned, and that the circumstances were such as to apprise the motorman of the fact. Whether the evidence justifies these inferences is the question to be determined. There was testimony tending to show these facts:

The street upon which the accident occurred runs north and south. The plaintiff was struck by a north-bound car. He left a place east of this street to walk to a place west of it. He reached the east side of the street two blocks and a half south of the point where he was injured. He at once crossed to the west side of the street and then walked a block north. From that time his memory of subsequent events is a blank until he found himself in a hospital. A witness saw him leave the place just indicated—the west side of the street a block and a half south of where he was injured—starting as if to cross the street again, walk-

ing in a northeasterly direction.   This witness, who at the time of the collision was on the west side of the street, about forty feet away, testified that the plaintiff stepped in front of the car when it was eight or ten feet away, and was struck by its corner, indicating that just before the accident the plaintiff was on the west side of the track.   Another witness testified that just before the gong sounded the plaintiff was on the east side of the track.   So that according to this testimony he first crossed the street from east to west, then, after walking a block, started to recross it, but angled to the north, and before being struck had crossed the track from west to east and back again from east to west, and was struck while apparently undertaking to cross it again from west to east.   He walked slowly (one witness said "just creeping along"), with his head down, and "seemed to be in deep study," "looking straight down."   The gong sounded "long and loud"; "it rang and then ceased and then would ring again for a few strokes"; "then the next time he rung it continually."

That the plaintiff does not remember what took place after he crossed to the west side of the street and walked a block north does not necessarily indicate that he became unconscious at that point, since his defect of memory may be due to his injury.   But the unexplained fact that he then started to cross to the east side of the street, from which he had just come, his purpose being to reach a point west of it, supports the idea that he was suffering some form of aberration.   The witness who saw the car strike him seems to have been where he could see him at all times after he left the sidewalk on the west side of the street, and does not mention his crossing the track.   It appears probable that the witness who spoke of seeing him on the east side of the track just before the gong sounded either meant to say that he was on the west side, or was mistaken as to his situation.   But this is not a matter to be considered on a demurrer to the evidence.

If the plaintiff was in a condition that prevented his protecting himself, and the circumstances were such as to advise the motorman of this fact, a basis was afforded for holding the defendant liable. (*Tempfer v. Street Railway Co.,* 89 Kan. 374, 131 Pac. 592.) The question for determination, therefore, stated in general terms, is whether a contention that a pedestrian who was run into by a street car was at the time unconscious, and that due diligence required the motorman to realize that fact and stop the car, is supported by evidence that he has no memory of what happened after he left a point a block and a half from where he was hurt until he found himself in a hospital, that when struck he was not going in the direction to which his errand would lead him, that he walked for some distance in the street close to the track, with his head bent down, giving no heed to the gong which was sounded loudly and continuously, and that shortly before the accident he crossed the track from one side to the other and back again, and was hit while apparently attempting to cross it for a third time.

The court is of the opinion that an affirmative answer is required, and the order is therefore affirmed.

BURCH, J., and PORTER, J., dissenting.