No. 19,216.

J. D. NICKERSON, *Appellee*, v. THE UNION TRACTION COMPANY, *Appellant*.

OPINION DENYING A REHEARING.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion denying a rehearing filed April 10, 1915. (For original opinion of affirmance see 94 Kan. 172, 146 Pac. 366.)

*John J. Jones,* of Chanute, and *W. E. Ziegler,* of Coffeyville, for the appellant.

*J. B. Tomlinson,* and *Charles D. Shukers,* both of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: In the original opinion in this case (*Nickerson v. Traction Co.*, 94 Kan. 172, 146 Pac. 366) it was said that the evidence justified submitting to the jury two questions: Whether the plaintiff was unconscious when he stepped upon the track in front of the street car, and whether the circumstances were such as to apprise the motorman of his condition. In a petition for a rehearing this court's statement of the facts is criticised as not borne out by the record. The witnesses often referred to buildings the location of which was not shown. A map attached to the petition for a rehearing indicates their situation, and enables the court to apply the testimony regarding them. One statement in the opinion is shown by the plat to have been erroneous. It was said that the plaintiff left a place east of the street on which the accident occurred, to walk to a place west of it, and that his starting to cross the street to the east side, from which he had just come, supported the idea that he was suffering some form of mental aberration. The plat shows that he started from a place half a block west of the street (Pennsylvania avenue) to go to a place a block west of it, lying some nine blocks to the north. The correction is made for the sake of accuracy, but the plaintiff's course, as indicated by the additional information given by the plat, appears quite as eccentric as before. By his own testimony he proceeded east to Pennsylvania avenue; then walked two blocks north along its west side; then crossed to its east side; then walked two blocks north, and at that point lost consciousness. He was next seen about a third of a block to the south of that point, and on the other (west) side of the street, how he got there not being shown. By the testimony of the witness who saw the car strike him he was then walking north, but very soon "left the sidewalk and

Nickerson v. Traction Co.

started cat-a-wampus across the street." The testimony continues:

"Then after the plaintiff started to cross the street, how did he go, angling or straight across?
"Angling.
"After that what did he do?
"Which,—after he started across?
"After he started across—follow his course along?
"Well, the street car ran into him."

This witness first saw the car a little over a block from the place of the accident. He testified that the plaintiff was then half way between the curb and the rail, and was going in a northeasterly direction. It is plain that the plaintiff was still on the west side of the track. The same witness testified that, being himself on the west side of the street, and about forty feet to the south, he saw the plaintiff struck by the corner of the car as he stepped in front of it (obviously from the west side). Therefore it appears that when the car was about a block away from the point of collision the plaintiff was on the west side of the track, and that he was on the west side just before he was struck. But another witness testified that while the gong was sounding the plaintiff was on the east side of the track. If so, while the car was running the last block, the plaintiff must have crossed the track from west to east, and then have recrossed it from east to west, and then have been struck while attempting to cross it again from west to east. If this actually took place the inference is fair that the motorman must have seen it if he was keeping a reasonable lookout, and whether it ought to have advised him of the need of some other precaution than ringing the gong was a question for the jury.

The witness who saw the accident placed the distance of the car from the plaintiff, at the time the gong was first sounded, at from 10 to 15 feet. The evidence however would warrant the conclusion that this was an

The State, *ex rel.*, v. Railway Co.

underestimate. There was testimony that "the gong rang and then ceased and then would ring again for a few strokes"; that there were two or three different ringings of the gong; that it would be sounded a few strokes, "then there would be an intermission a little while and it would sound again."

In the petition for a rehearing it is said that a part of the testimony of one witness was undoubtedly a mistake. As was suggested in the original opinion, it seems highly probable that one witness or the other was mistaken, but the correctness of the testimony is not a matter to be determined on demurrer.

The petition for a rehearing is denied.